IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS SLAVICK, #A0765881, | ) | CIV. NO. 1:18-cv-00290-DKW-KJM |
| | ) | |
| Plaintiff, | ) | AMENDED ORDER DISMISSING |
| | ) | FIRST AMENDED COMPLAINT |
| vs. | ) | WITH PREJUDICE |
| | ) | |
| SHAWN COLOTARIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Chris Slavick's First Amended Complaint

(FAC) brought pursuant to 42 U.S.C. § 1983.  ECF No. 7.  Slavick alleges that

Halawa Correctional Facility (HCF) and Oahu Community Correctional Center

(OCCC) staff violated his state and federal rights in May and June 2018.[1]

For the following reasons, the FAC is DISMISSED with prejudice pursuant

to 28 U.S.C. § 1915(e) and 1915A(a), for failure to state any colorable claim for

relief.[2]

---

[1]Slavick names HCF officers Warden Scott Harrington; Sergeant Shawn Colotario;
Sergeant Richard Lopez; Captain Dallen Paleka; Program Administrator Gary Kaplan; Sergeant
Adam Lorico, Jr.; Captain R. Aguon; Unit Manager An Uedoi; Officer Keone Limahai; and
OCCC Officer Murray as Defendants in their official and individual capacities.

[2]This Order has been amended to correct clerical errors.

# I. **STATUTORY SCREENING**

The court is required to conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a claim or complaint that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>[3]

Without explanation, the FAC omits Count I and begins at Count II. *See* FAC, ECF No. 7, PageID #67. In Count II, Slavick alleges that Defendants Colotario, Lopez, and Murray conspired to seize his "injury supports," for unidentified medical injuries, causing him severe pain. *Id.* He claims that they then falsely charged him with "lying, obstruction, and escape" to justify placing him in solitary confinement, which allowed them to confiscate his legal materials and obstruct a "May 17, 2018, hearing on a critical motion." *Id.*, PageID #67. Slavick alleges, without any supporting facts, that Defendant Kaplan was also involved with these allegedly false charges. *See id.*, PageID #69 (Count IV).

---

[3]Although the FAC has less factual support than the original Complaint, Slavick's facts are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

In Count III, Slavick alleges Colotario, Lopez, and Murray fabricated the false charges to justify transferring him to solitary confinement, so that Defendants Harrington and Paleka could interfere with his legal property between May 10 and July 8, 2018. *See id.*, PageID #68. Slavick alleges this obstructed the prosecution of his appeal in "CAAP-17-0000834," a state post-conviction petition.

In Count IV, Slavick says that Kaplan failed to notify him that his attorney scheduled a visit with Slavick for June 4, 2018, the day before Slavick's state court hearing, although his attorney never arrived on that date. Slavick alleges that Defendant Lorico threatened to take Slavick to the June 5, 2018 hearing without his cane, although it does not appear that Lorico followed through on this threat. Lorico then issued Slavick another allegedly false rules violation, which omitted Lorico's alleged threat, but cited a "lack of 48 hour prior notice." *Id.*, PageID #69. Slavick alleges that Kaplan and Defendant Aguyon[4] "aided and abetted" these "abuses," and that Aguyon "actively executed the crimes." *Id.*

In Count V, Slavick alleges that Defendants Uedoi and Limahai tried to "coerce" him into attending a disciplinary hearing on June 8, 2018, for which he had not received notice. *Id.*, PageID #71. Slavick held a sign to his cell window

---

[4]Slavick randomly spells this Defendant's name as Aguon and Aguyon.

stating, "OBJECT TO YOU," and refused to participate. *Id.* He alleges Limahai swore at him and Uedoi said that she would hold the hearing without him.[5]

In Count VI, Slavick says Limahai and Defendant Souza stood outside his cell telling Slavick to "cuff up" and clicking handcuffs in a threatening manner. *Id.*, PageID #72. When Slavick refused this order, Limahai allegedly told him that they would beat and rape him and tried to incite nearby inmates to harass him.[6]

In Count VII, Slavick says that acting Sergeant Allen, who is not a Defendant, refused to accept Slavick's police report on June 9, 2018. *Id.,* PageID 73. Later that morning, Lorico gave Slavick a trash bag and told him to "pack-up" for transfer to the High SHU (special housing unit). *Id.* Lorico took Slavick's belongings, including his cane, and Aguyon summoned an armored assault team to assist in the transfer. *Id.* Captain Shook returned Slavick's cane, however, and and the assault team was not required. Slavick complains that guards repacked his property into smaller bags and loaded them into the trunk of a car out of his sight. He says he was not permitted "full access" to his legal papers until he was released from the High SHU on July 8, 2018. *Id.*

---

[5]Slavick states this claim is "continued on 6A" but provides no supplemental page 6A.

[6]Slavick states this claim is "continued on 7A" but provides no supplemental page 7A.

Slavick broadly alleges that Defendants' actions violated the Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, *et seq*., and unidentified criminal statutes. Slavick seeks an order expunging his May 10 and June 5 disciplinary charges and damages.

### III. <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. **Rule 8**

Slavick's FAC is more confusing than the original Complaint, with fewer relevant facts from which the court can infer that any Defendant violated his rights. Slavick again alleges that Defendants violated various constitutional amendments, the ADA, and unidentified criminal statutes, without regard to the court's careful explanation of the deficiencies in these allegations in the September 24, 2018

6

Order Dismissing Complaint With Leave to Amend (September 24 Order). ECF No. 4. The court has struggled to understand the FAC's statement of facts, with and without reference to Slavick's original Complaint, to ignore Slavick's opinions and legal conclusions, and to discern sufficient facts to support his claims, and has been left, for the most part, to guess.

Because the FAC again fails to give Defendants or the court a fair understanding of Slavick's claims, the court is unable to "infer more than the mere possibility of misconduct" by any Defendant. *Iqbal*, 556 U.S. at 679. Slavick has had two opportunities to explain his claims and has ignored the court's detailed guidance regarding what he must do to raise a plausible claim for relief. The FAC is DISMISSED with prejudice for failure to state a colorable claim for relief, because it is clear that granting further leave to amend is futile.

**B.      Fifth Amendment**

Slavick again alleges that Defendants violated the Fifth Amendment, *see* Counts III, V, VII, despite the court's clear instructions that the Fifth Amendment applies "only to actions of the federal government – not to those of state or local governments." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981) ). Slavick cannot state a

claim against Defendants under the Fifth Amendment, and these claims are DISMISSED with prejudice.

## C.   ADA

In Counts IV and VII, Slavick alleges that Defendants violated his rights under the ADA.  As the September 24 Order explained, to state a claim under Title II of the ADA, a plaintiff must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons*, 609 F.3d at 1021 (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).

Slavick again fails to allege any facts showing that he was excluded from a prison benefit, service, program, or activity, or was discriminated against on the basis of his wholly unexplained disability.  Having been afforded a previous opportunity to amend, and having ignored the court's guidance on how to do so, Slavick's claims under the ADA are now DISMISSED without leave to amend.

**D.  Criminal Statutes**

In Counts V and VI, Slavick alleges that Defendants violated unspecified federal criminal statutes prohibiting conspiracy, harassment, terroristic threatening, attempted assault, and attempted sexual assault.  As Slavick was informed, individuals rarely have a private cause of action to prosecute criminal statutes. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (finding a private right of action under a criminal statute is rarely implied).  Rather, whether to bring charges and prosecute criminal statutes is left to the discretion of a prosecutor.  *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973).

Slavick again fails to state a claim regarding Defendants' alleged violations of unidentified federal criminal statutes, and these claims are DISMISSED with prejudice.

**E.  First Amendment**

Although Slavick does not explicitly allege a violation of the First Amendment, he alleges Defendants retaliated against him and suggests they

interfered with his access to the court in CAAP 17-0000834, suggesting First Amendment claims.

## 1.    *Right of Access to the Court*

To state a denial of access to the courts, a plaintiff must show that he suffered an "actual injury," *i.e*., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a non-frivolous claim.  *Lewis v. Casey*, 518 U.S. 343, 348-349 (1996).  An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim.  *Id.* at 351. Actual injury can be shown by prison officials' denial of required assistance or active interference with litigation.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds by Coleman v. Tollefson*, — U.S. —, 135 S. Ct. 1759 (2015).[7]

Although Slavick alleges that he had limited access to his legal paperwork while he was in solitary confinement, it was returned to him in disarray, and he was not notified that his attorney made an appointment to see him and then failed to show up, he again fails to explain what *actual injury* this caused him.  As noted in the September 24 Order, the public record in CAAP-17-0000834 shows that

_____

[7]In the original Complaint, Slavick alleged Defendants interfered in three cases: (1) *State v. Slavick*, CR 13-1-1461 (Haw. 1st Cir. 2013); (2) a federal habeas petition, and (3) *Slavick v. State*, No. CAAP 17-0000834 (Haw. App. 2017).  *See* Compl.,  ECF No. 1, PageID #9-12.

Slavick was able to file numerous documents in that case, even while he was in solitary confinement, including a timely opening brief on June 25, 2018. Since then, Slavick has filed six letters, five motions, and a Reply brief, and the action is currently pending. *See* eCourt Kokua, http://www.courts.state.hi.us/.

Slavick again fails to allege sufficient, plausible facts to identify any actual injury to CAAP-17-0000834, or any other past, active, or contemplated litigation. To the extent Slavick attempts to maintain a First Amendment denial of access to the court claim, it is DISMISSED with prejudice.

### 2. *Retaliation*

In Count VII, Slavick vaguely alleges "Retaliation." FAC, ECF No. 7, PageID #73. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

(footnote omitted).[8]  Speculation that defendants acted out of retaliation is not sufficient.  *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases).

Slavick apparently alleges that Defendants moved him to the High SHU on June 9, 2018, in retaliation for his refusal to attend the disciplinary hearing or to be handcuffed the day before.  It is unlikely that refusing to attend a prison disciplinary hearing is protected conduct.  Slavick's own allegations, however, show that he refused to leave his cell and defied a direct order to be handcuffed.  These statements contradict a finding that Defendants retaliated against him for any protected conduct, chilled the exercise of his First Amendment rights, or that some other unidentified protected conduct was "the 'substantial' or 'motivating' factor" behind his transfer to the High SHU, or that this transfer did not advance a legitimate, penological interest.  *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009).  Slavick again fails to state a plausible retaliation claim, and this claim is DISMISSED with prejudice.

---

[8]*See also Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (for retaliation, prisoner must allege that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. )

**F.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2005).  Prison officials must provide prisoners with medical care and take reasonable measures to guarantee their safety.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See id.*, 511 U.S. at 834.

**1.     *Threats and Verbal Harassment***

Allegations of threats and verbal harassment standing alone fail to state a colorable constitutional claim under § 1983 and do not violate the Eighth Amendment.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997), *abrogated in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that prison guard's use of "vulgar language" toward a prisoner did not violate the Constitution); *see e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (dismissing allegations of "mere verbal sexual harassment" under the Eighth Amendment);

*Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (granting qualified immunity to guard who engaged in "vulgar same-sex trash talk" with inmates).

Slavick's claims that Colotario, Lopez, Murray, Lorico, Limahai, Souza, Aguon, or others swore at and threatened him fail to state a claim and are DISMISSED with prejudice.

### 2.     *Medical Care*

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

Slavick alleges that Colotario, Lopez, and Murray took or threatened to take his unidentified "injury supports." FAC, ECF No. 7, PageID #67. Presumably, Slavick is referring to a cane that he mentions throughout the pleading. He says

this caused him severe pain.  Slavick fails to provide sufficient context to this claim to infer that any Defendant acted with deliberate indifference.  He does not say when this happened, why his cane or other medical support appliance was taken, how long this alleged deprivation lasted, whether the confiscation was medically authorized, or whether he suffered further injury from this alleged deprivation.  Reading his claims in the FAC, together with reference to his allegations in the original Complaint, it appears his cane was only taken during transportation to and from court, and perhaps, during movements within HCF.  Slavick also fails to explain how Colotario and Lopez, who are allegedly employed at HCF, colluded with Murray, who is allegedly employed at OCCC, to deprive him of his cane or falsely charge him with misconduct.

Slavick again fails to allege sufficient facts to show that Colotario, Lopez, Murray or any other Defendant objectively deprived him of the minimal civilized necessities of life when they temporarily confiscated his cane, if this is what he alleges, or in any other manner subjected him to cruel and unusual punishment. *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000).  Having been afforded a previous opportunity to amend, and having ignored the court's guidance on how to do so, Slavick's claims as alleged under the Eighth Amendment fail to state a colorable claim and are now DISMISSED without leave to amend.

G. **Fourteenth Amendment**

Slavick alleges that Defendants violated his Fourteenth Amendment rights to due process regarding his allegedly false disciplinary charges and to equal protection of the laws regarding his vague allegations of "racial hate crimes." FAC, ECF No. 7, PageID #67-69, 72.

*1. Equal Protection*

"To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). Alternatively, a plaintiff may state an equal protection claim if he shows that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted).

Slavick vaguely alleges "racial hate crimes" in the FAC, but again submits *no* facts suggesting that he was discriminated against as part of a protected class or that he was intentionally treated differently than other similarly situated inmates. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted) (holding Equal Protection Clause requires the State to treat similarly

situated people equally); *Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989)

(stating that prisoners are not a protected class).  Accordingly, having been

afforded a previous opportunity to amend, and having ignored the court's guidance

on how to do so, Slavick's Equal Protection claims are now DISMISSED without

leave to amend.

### 2.     *Due Process*

Slavick challenges his allegedly "fraudulent charges of 'obstruction, lying,

and escape' from May 10, 2018 and the June 5 'refusal' charge" and seeks to have

the charges expunged from his institutional file.  FAC, ECF No. 7, PageID #75.

A prisoner is entitled to limited due process protections when he is charged

with a disciplinary violation.[9]  *See Serrano*, 345 F.3d at 1077 (citing *Wolff v.

McDonnell*, 418 U.S. 539, 564-571 (1974)).  These procedural protections apply

"only when the disciplinary action implicates a protected liberty interest in some

'unexpected matter' or imposes an 'atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life.'"  *Id.*, 345 F.3d at 1078 (quoting

*Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850,

860 (9th Cir. 2003).

---

[9]These protections include the rights to call witnesses, present documentary evidence and
to receive a written statement of the evidence relied upon and the reasons for the disciplinary
action.  *See Wolff*, 418 U.S. at 564-65.

*Sandin* held that a Hawaii inmate had no liberty interest in freedom from disciplinary segregation that lasted thirty days, when the evidence showed that the conditions in segregation "with insignificant exceptions, mirrored those conditions imposed on inmates in administrative segregation and protective custody," and the segregation did not "inevitably affect" the length of his prison sentence. 515 U.S. at 486-87. Since *Sandin*, "the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). Courts within the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest should courts consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

First, there is no constitutional right to be free from false charges. *See Garrott v. Glebe*, 600 F. App'x. 540, 545 (9th Cir. 2015) (holding there is no

clearly established federal law that "a prisoner has a right to be free from false accusations"); *Contreras v. Herrera*, 2018 WL 4961510, at *4 (S.D. Cal. Oct. 15, 2018) (same); *Smith v. Albee*, 2016 WL 6094471, at *4 (E.D. Cal. Oct. 18, 2016) (stating, "falsification of disciplinary reports does not state a stand-alone constitutional claim," because "[t]here is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014) (same). While the "Constitution demands due process," it does not require "error-free decision-making." *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012); *see also Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986)).

Second, if Slavick challenges disciplinary proceedings relating to these allegedly false charges, that resulted in his temporary placement in solitary confinement between May 10 and July 8, 2018, he again fails to allege *any* facts showing that he suffered atypical and significant hardship in relation to the

conditions in administrative or protective custody.  Nor does he allege that his detention in solitary confinement will inevitably affect the term of his sentence.  In short, Slavick's conclusory "due process" claims do not even state the "threadbare" elements of a due process claim from which the court can plausibly find that Defendants violated his right to due process.  *See Iqbal*, 556 U.S. at 678.

Slavick's Fourteenth Amendment due process and equal protection claims are DISMISSED for his failure to state a claim.  Because Slavick has been given two opportunities and clear instructions on what is needed to state these claims, and has failed to do so, they are dismissed with prejudice.

## H.    Official Capacity Claims

"Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity."  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).  There are three exceptions to this general rule: (1) the State may waive its Eleventh Amendment defense; (2) "Congress may abrogate States' sovereign immunity by acting pursuant to a grant of constitutional authority"; and (3) a suit seeking prospective injunctive relief may proceed.  *Douglas v. Calif. Dept. of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001)

(citations omitted); *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). Thus, Defendants named in their official capacities are generally subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)).

The State has not waived its immunity from suit under § 1983, nor has Congress abrogated it. Slavick does not allege an ongoing constitutional violation that can be remedied by prospective injunctive relief. Damages claims against all Defendants named in their official capacities are DISMISSED with prejudice.

## IV.  CONCLUSION

(1)  The First Amended Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) for failure to state a colorable claim for relief.

(2) This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).[10]

(3) The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: December 11, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Chris Slavick v. Shawn Colotario, et al.*; Civil No. 18-00290 DKW-KJM;
**AMENDED ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

*Slavick v. Colotario, et al.*, No. 1:18-cv-00290 DKW-KJM; Scrng '18 Slavick 18-290 (dsm FAC)

---

[10]Under § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.